### In re LEPRI.
### No. 16022.

District Court, W. D. Pennsylvania.
Feb. 26, 1931.

Ben Paul Jubelirer, of Pittsburgh, Pa., for Domenic Lepri.

Elmer A. Barchfeld, of Pittsburgh, Pa., for petitioning creditors.

GIBSON, District Judge.

Upon trial to the court on the issue as to bankruptcy the following facts were developed:

On January 2, 1931, an involuntary petition was filed against Domenic Lepri, signed by the Clark Lumber Company, E. R. Robertson, and Sam Amadio. Four acts of bankruptcy were alleged, each of which asserted, in substance, that the alleged bankrupt, while insolvent, had suffered or permitted a certain preference through legal proceedings. Each of the claims of the signing creditors was based upon materials furnished or work done upon the premises at No. 1720 Stratmore avenue in the city of Pittsburgh, Pa. The contract under which the materials had been furnished or the work done had been made with Herd Homes, Incorporated, by Harry H. Herd, general contractor for the repair of the building, and was not signed by Domenic Lepri, the alleged bankrupt. Domenic Lepri was the subcontractor for the brick work upon the building to be reconstructed. Prior to beginning work, he demanded some security, and, pursuant to his demand, the owner, John C. Simpson, deeded him the property upon contract that it should be redeeded upon Lepri's being paid the amount due him for his work.

Lepri, at the time materials and labor were furnished by the petitioners, was not the actual owner of the premises, but was the mere lienholder. This fact was known to each signer of the petition, if not at the beginning of the reconstruction, at least before its completion, and before all the work and materials had been furnished. One of the signers of the petition, E. R. Robertson, had, prior to furnishing material and labor, requested Domenic Lepri to sign the contract for his work, and had been refused. Lepri was engaged in the brick work upon the house when the materials and labor were furnished by the petitioning creditors.

Domenic Lepri was not insolvent when the petition in the instant case was filed against him, nor at the time of hearing.

### Conclusions of Law.

Under the foregoing findings of fact, the petition in bankruptcy must be dismissed.

### Discussion.

Cases may exist where the owner of a house may be personally liable for work and materials placed upon his property pursuant to contract between the materialmen and subcontractors with the general contractor. The instant case does not present an exception to the general rule, under which he is not so liable. See 9 Corpus Juris, 835, 836. There was no privity of contract between Lepri and any one of the petitioning creditors; and, this being true, no one of such creditors had a debt provable in bankruptcy against him.